## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **LYNDELL THOMAS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:10-0143** |
| ) | |
| **WAYNE A. PHILLIPS, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion for Expungement of Incident Report and Restatement of Good Time Credit Pursuant to Section 2241." (Document No. 1.).[1] Petitioner complains that his "due process rights were violated during the DHO proceeding causing a loss of liberty interest (40-days good time credit)." (Id., p. 14.) Petitioner states that his due process rights were violated by the following (Id.):

(a) Failing to allow Petitioner an opportunity to retain and present Affidavits, to support his claim of innocence;

(b) DHO erred in finding Petitioner guilty of violating Prohibited Act 108 (Possession, manufacture, or introduction of a hazardous tool (i.e. cellular telephone)), as opposed to Prohibited Act 305 (Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels); and

(c) DHO falsified the DHO Report.

In support of Ground One, Petitioner claims that he could have proven his innocence had the DHO granted him an extension of time to obtain Affidavits. (Id., pp. 14 - 18.) Petitioner alleges that

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

on June 3, 2008, he was charged in an incident report for "violation of Bureau Regulations (108 - Use of any, and introduction of, a hazardous tool that jeopardizes the security of an institution, and 197 - Phone abuse)." (Id., p. 11.) On June 6, 2008, a Disciplinary Hearing was conducted and the Disciplinary Hearing Officer [DHO] "explained to Petitioner the nature of the charges against him, that Petitioner had a right to have a staff representative, the presentation of evidence against him, the right to present witnesses, the right for unavailable witnesses to provide written statements, and the right to appeal." (Id., pp. 11 - 12.) Petitioner acknowledges that he was allowed to make a statement during the hearing. (Id., p. 12.) Petitioner states that he "explained to the DHO that he was innocent of the charges against him, and only two (2) people could establish the truth of his statement. However, both of them were in society, but if he (DHO) would allow a continuance he could obtain an affidavit from them." (Id.) Petitioner alleges that the DHO improperly denied Petitioner's request for a continuance by finding that "this proceeding was not required to prove Petitioner's guilt beyond a reasonable doubt. All was required to do was to prove Petitioner's guilt by a preponderance of the evidence." (Id.) Petitioner complains that the DHO was incorrect in his determination that "the mere fact that the cell phone number (910) 797-7247 was on the cellular telephone contact list, and on the Petitioner's Approved Inmate Telephone Contact List, was enough to find Petitioner guilty by a preponderance of the evidence. (Id., p. 15.) The DHO, therefore, found Petitioner guilty of violating Offense Code 108, but dismissed the charge of violating Offense Code 197. (Id.) Petitioner acknowledges that the DHO "advised Petitioner of his right to appeal this decision, and if he obtains an Affidavit to submit it with the BP-10 Appeal, to the Regional Office." (Id.) Petitioner claims that even though he submitted the Affidavit of his brother, Wendell Thomas, his BP-10 Appeal was denied by Regional Director K.M. White. (Id.) Petitioner states that he filed

his Appeal to the Central Office, but National Director Harrell Watts denied his BP-11. (Id., p. 16.)

In support of Ground 2, Petitioner contends that the failure to charge Petitioner with violating Offense Code 305 proves that "the DHO could not connect the charged cellular telephone to any act or attempted act of wrong doing." (Id., p. 17.) Petitioner explains that Offense Code 305 prohibits the "possession of anything not authorized for retention or receipt by an inmate, and not issued to him through regular channels." (Id., p. 16.) Petitioner argues that "the mere possession of a cellular telephone does not establish the element that 'institution security,' 'order,' and 'personal security of both inmates and staff,' were threatened." (Id., p. 17.) Petitioner, therefore, contends that there was insufficient evidence to support the DHO's finding that Petitioner violated Offense Code 108 because the evidence only supported a finding the "cellular telephone was being used by inmates for entertain purposes only (i.e., communicating with friends and family members, sending text messages, and sending photos)." (Id.) Therefore, Petitioner contents that "this charge should have been charged as a 305 (Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through channels)." (Id.)

In support of Ground 3, Petitioner states the "DHO falsified the Discipline Hearing Officer Report indicating that Petitioner had no witnesses or evidence." (Id.) Petitioner explains that he "requested additional time to obtain Affidavits of Wendell Thomas and Dennis Sumler and was told by the DHO to submit any Affidavits obtained to the Regional Administrative Remedy Appeal's Office." (Id.) Petitioner complains that the Regional Office and National Appeals Office refused to consider the Affidavit of Wendell Thomas and relied on the DHO Report to support their findings. (Id.) Petitioner contends that the DHO Report violated his due process rights because (1) the preparation of the DHO Report was not witnessed by Petitioner or any staff member, (2) Petitioner

was not given the opportunity to review the completed DHO Report and object to any inaccuracies, (3) Petitioner received the DHO Report approximately 83-days after the DHO Hearing.[2] (Id.) As relief, Petitioner requests that the Court expunge the Incident Report and restore 40-days good time credit. (Id., p. 18.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky,

---

[2] The undersigned further notes that Petitioner's cause of action is precluded by *res judicata*. *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)("Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."). Petitioner asserted the same claim in *Thomas v. Phillips*, Civil Action No. 5:09-01519. By Proposed Findings and Recommendation entered on August 25, 2010, the undersigned recommended that Petitioner's Petition be denied. *Id.*, Document No. 10. By Memorandum Opinion and Order entered on September 15, 2010, United States District Judge Irene C. Berger adopted the undersigned's recommendation and dismissed Petitioner's Petition. *Id.*, Document No. 11. Petitioner filed a "Motion for Reconsideration Pursuant to *Houston v. Lack*" on September 22, 2010. *Id.*, Document No. 14. By Order entered on September 26, 2011, Judge Berger granted in part Petitioner's Motion for Reconsideration. *Id.*, Document No. 15. By Memorandum Opinion and Order entered on June 7, 2012, Judge Berger overruled Petitioner's objections and maintained her adoption of the undersigned's recommendation. *Id.*, Document No. 16.

410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 11, 2012.

and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 20, 2012.

R. Clarke VanDervort
United States Magistrate Judge